In the Matter of the Judicial Settlement of the Account of Proceedings of CITY BANK FARMERS TRUST COMPANY (Formerly Known as THE FARMERS LOAN AND TRUST COMPANY), as Trustee under the Last Will and Testament of WILLIAM HODSDON, Deceased, Respondent; MILES HODSDON VERNON, MARTHA H. KINNEY, LOUISE HODSDON, CATHARINE H. MUMFORD, WILLIAM C. MUMFORD, JR., and CATHARINE PRATT and BRUCE R. DUNCAN, as Special Guardian for CAROLINE PRATT, ANNE MUMFORD PRATT and CHARLES J. PRATT, JR., Infants and Contingent Remaindermen, etc., Appellants.— The trustee, after preliminary negotiations and an appraisal, took a mortgage on improved property on a corner of South William and Beaver streets, New York city, for $3,000,000. This property, consisting of a little more than 30,000 square feet, had been purchased by a corporation in early October, 1929, for upwards of $5,500,000. The application for a loan secured by a mortgage was made in March, 1930. The application was considered on several occasions by the officers constituting the real estate and loan committee and an appraisal at $4,600,000 was made by an experienced appraiser before the transaction was closed on June 3, 1930. The committee was composed of well-known and experienced men generally familiar with values in that locality. They acted on other information concerning gross and net value of rentals. The mortgage was guaranteed by a mortgage guaranty company. The mortgage was taken for the purpose of dividing participations amongst trust estates. It is not disputed that the trust company made no commissions or profits on the transactions. As to the three trusts here involved, certain sound securities, producing from four to five per cent income, were sold at a profit and the total amount of about $90,000 was reinvested in these participations, which would return an income of five and one-half per cent. Notice of the investment was given to the beneficiaries. The collapse in real estate and mortgage values did not occur until about the end of 1931. This property was in arrears in taxes in May, 1932, and interest was not paid in December, 1932. Rentals had greatly declined. Later, the trustee foreclosed and took title in a corporation it had organized for that purpose. At about this time the value of the property was estimated at $2,200,000. No income has been received by the beneficiaries since about June, 1932, nor is there hope or expectation of income for a considerable period in the future, unless the real estate market improves and the property can be sold, or rentals increased. In an accounting before the surrogate of Kings county, the beneficiaries interposed objections and asked that the account of the trustee be surcharged with the amount of this particular trust on the ground that the mortgage was in excess of the amount legally permissible on this property.

In other words, it was alleged that the market value of the property at the time was less than $4,000,000, and that the act of the trustee was not characterized with the intelligence and prudence required by familiar rules governing the conduct of trustees. The matter was referred to a referee and hearings were had at which a large amount of testimony was produced, chiefly concerning the value of the property at the time the mortgage was taken. This presented a question of fact, which was decided adversely to the claims of objectants, and the loan was justified in the report made by the referee. On motion, the report of the referee was confirmed by the surrogate and the account of the trustee was settled by the decree. From that decree, in principal part, the objectants have appealed. Decree of the Surrogate's Court of Kings county, in so far as an appeal is taken therefrom, unanimously affirmed, with costs to respondent, payable out of the estate. Present — Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ.